UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LANEE M. RICHARDSON,

                        Plaintiff,

                                                              DECISION AND ORDER

                                                              14-CV-6369L

                  v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____


      Plaintiff appeals, *pro se*, from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). She brings this action pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

      On July 12, 2012, plaintiff, then 18 years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work, due to bilateral ankle instability and pain. Her application was initially denied. Plaintiff requested a hearing, which was held via videoconference on March 5, 2013 before Administrative Law Judge ("ALJ") Roxanne Fuller. (T. 9, 46-51). Plaintiff was represented by counsel. (T. 36). The ALJ issued a decision on March 29, 2013, concluding that plaintiff was not disabled

1

under the Social Security Act.  (T. 9-19).  That decision became the final decision of the Commissioner when the Appeals Council denied review on June 11, 2014.  (T. 1-3).  Plaintiff now appeals.  The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).  (Dkt. #9).  To date, plaintiff has not filed a response, or otherwise opposed the Commissioner's motion.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."  If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the

collective impairments.  *See* 20 CFR §404.1520(e), (f).  Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).  Substantial evidence has been described as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'"  *Tejada v. Apfel,* 167 F.3d 770,  774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Fuller issued a lengthy decision analyzing plaintiff's claim of disability, and supported her determination with appropriate findings of fact.   Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ described plaintiff's medical records, noting her diagnoses of migraines, sleep apnea, obesity, right ankle instability and pain, and left lateral ankle ligament reconstruction.  I believe the evidence supports the ALJ's conclusion that plaintiff, then a 19-year-old woman with a high school education and no past relevant employment, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including document preparer, final assembler, and food and beverage order clerk.   (T. 18).

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes for bilateral ankle pain, noting that plaintiff and her orthopedist considered her January 18, 2011 left lateral ankle ligament repair surgery to have been successful, and to have resulted in significant improvement in her left ankle, in terms of stability and comfort.   (T. 189).   The same surgery was scheduled to take place on plaintiff's right ankle shortly after the hearing, although x-rays had shown no evidence of fracture, dislocation or osteochondral defects (areas of articular and/or cartilage damage and injury of the adjacent bone).   (T. 14, 41).   Plaintiff's medical records also included treatment notes showing that plaintiff takes ibuprofen for migraine headaches, and was diagnosed with sleep apnea following a sleep study, for which use of a CPAP machine had been recommended.   Plaintiff reported that she lives with her mother, cares for herself, assists with household chores, grocery shopping, and with her mother's in-home daycare business, is able to drive and walk, and socializes occasionally.   (T. 16).   She testified that she has been prescribed

pain medication to treat her ankle pain, which she takes only "as needed": plaintiff variously described needing to take pain medication once every one to two weeks, and once every three weeks.  (T. 43, 48).

Based on this evidence, the ALJ determined that plaintiff retained the residual functional capacity to perform a range of sedentary work, with the following limitations: never climb ramps, stairs, ladders, ropes or scaffolds; never balance; no more than occasionally stoop, crouch, kneel or crawl; no more than occasionally be exposed to moving mechanical parts or unprotected heights, and no more than occasionally operate a motor vehicle.   I find that this determination is supported by the substantial evidence cited by the ALJ.

While the ALJ chose not to afford controlling weight to the RFC assessment of plaintiff's treating orthopedist, John Ketz, M.D., which opined that plaintiff would miss three days per month of work due to ankle pain and instability, the ALJ articulated sound reasons for doing so.  *See generally Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence).   Specifically, the ALJ noted that Dr. Ketz's opinion that plaintiff would miss work due to ankle pain and/or instability was unsupported by any medical findings or other evidence of record, and appeared to conflict with the rest of Dr. Ketz's RFC assessment as well as plaintiff's treatment records, which showed a longitudinal history of improvement in her left ankle following surgery, with pain only upon standing for long periods. Moreover, although pain in plaintiff's right ankle persisted, an identical surgery was scheduled to take place within days after the hearing.  *See e.g.*, T. 182 (July 31, 2012 records by Dr. Ketz: "patient is [in] no distress . . . She has good motion at the [left] ankle . . . the patient is progressing

well"); T. 242-244 (February 28, 2013 RFC Report by Dr. Ketz: plaintiff can walk 2-4 city blocks without pain, can sit for at least 6 hours and stand or walk up to 2 hours in a work day, and will not require unscheduled breaks). Plaintiff did not appear to be incapacitated for any lengthy duration by her ankle pain – indeed, she testified that she needed to take pain medication for her ankles no more than once a week – and had not required the use of any assistive mobility devices except for the occasional use of an ankle brace. (T. 43, 48). Plaintiff's self-reports of daily activity included getting up around 8:00am, leaving the house every day, and engaging regularly in light housework and shopping. (T. 45-48, 155). Nothing in the record would seem to indicate a level of pain or incapacity so great as to logically explain or support Dr. Ketz's opinion that plaintiff's impairments would cause her to miss at least 3 days of work per month, and there was substantial evidence of record that plaintiff's ankle pain and instability did not impair her gait or otherwise hinder her from "getting around" and going out on a daily basis: as such, the ALJ's decision not to grant Dr. Ketz's opinion controlling weight was proper.

On balance, the plaintiff's medical records simply do not support her claim of total disability. I concur with the ALJ and conclude that there is substantial evidence to support her determination that plaintiff retained the residual functional capacity to perform sedentary work, with the following limitations: never climb ramps, stairs, ladders, ropes or scaffolds; never balance; no more than occasionally stoop, crouch, kneel or crawl; no more than occasionally be exposed to moving mechanical parts or unprotected heights, and no more than occasionally operate a motor vehicle. (T. 12). There is no dispute that the positions identified by vocational expert Thomas Heiman, at the plaintiff's hearing – document preparer, final assembler, and food and beverage order clerk – are consistent with this RFC, as well as with plaintiff's age, educational

background and lack of past work experience.  I therefore find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #9) is granted.  The Commissioner's decision that plaintiff, Lanee Richardson, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 27, 2015.